## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

THE STATE OF MICHIGAN,

      Plaintiff,                                    Case No. 25-11215

v.                                                          Hon. Jonathan J.C. Grey

EXPRESS SCRIPTS, INC.,
EVERNORTH HEALTH, INC., *f/k/a*
Express Scripts Holding Company; and
PRIME THERAPEUTICS LLC,

      Defendants.

_____/

## STIPULATED PROTECTIVE ORDER

Whereas during the course of the above-captioned litigation (the "Action" or this "Litigation"), the Attorney General of Michigan, acting on behalf of the People of the State of Michigan ("Plaintiff"), and Defendants Express Scripts, Inc., Evernorth Health, Inc., and Prime Therapeutics LLC ("Defendants") (together with Plaintiff, "the Parties"), and non-Parties may be subject to discovery requests and/or proceedings which seek the disclosure of information considered by the Parties or any non-Parties to be confidential and/or proprietary; and

1

Whereas the Parties wish to preserve the confidentiality of such information through the use of a Stipulated Protective Order pursuant to Federal Rule of Civil Procedure 26(c) (the "Stipulated Protective Order"); and

Whereas, the Court finds that good cause exists for entry of this Stipulated Protective Order in the Action to prevent the unauthorized disclosure and use of any Party or non-Party's trade secrets and other confidential information during and after the course of this Litigation,

**IT IS THEREFORE HEREBY ORDERED AND AGREED AS FOLLOWS:**

I.   **MATERIALS COVERED.** This Stipulated Protective Order governs the handling of "Protected Material"—*i.e.*, information designated as "Confidential Information," or "Highly Confidential Information - AEO" (as defined below)—and applies to all materials produced, given, or exchanged by any Party or non-Party (the "Producing Party") in the Action (including, without limitation, document productions, responses to interrogatories and requests for admissions, and/or responses to subpoenas, pleadings, exhibits, depositions, or other testimony), regardless of the medium or

manner in which the materials are generated, stored, or maintained. This includes any material produced, filed, or served by any Producing Party during discovery in this Action or any information included in any materials. The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Plaintiff and Defendants, as well as their officers, directors, current employees, former employees, agents, and legal counsel, are referred to collectively as the "Parties" and individually as the "Party." Any Producing Party may, based on a good-faith belief that such materials are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure and the provisions of this Stipulated Protective Order, designate all or any part of a document, discovery response, deposition, or other material that they produce, serve, or provide in connection with the Action as "Confidential Information," or "Highly Confidential

3

Information - AEO," as described below. The designation of any material as Protected Material will constitute a representation by a Producing Party that it has made a good-faith determination that any material so designated is confidential or protected under Rule 26 of the Federal Rules of Civil Procedure and this Stipulated Protective Order. The Producing Party shall not automatically designate every document produced as "Confidential Information," or "Highly Confidential Information - AEO," without basis.

A. "**Confidential Information**" means any information, document, or thing, or portion of any document or thing the Producing Party (the "Designating Party") considers in good faith to be material entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or which includes the following categories of documents or information, the public disclosure of which is either restricted by law or will pose a risk of competitive or business injury: (i) contains trade secrets or similarly sensitive confidential business information, (ii) constitutes competitively sensitive technical, marketing, commercial, or financial information,

(iii) constitutes a business plan or product- or service-development information; (iv) contains personally identifiable information ("PII"), including identifiable personal health information; (v) has been deemed Confidential by the Court; or (vi) as otherwise required to be held confidential by law.

i.   Notwithstanding the foregoing, information that is in the public domain at the time of disclosure to the Party receiving the material (the "Receiving Party") or becomes part of the public domain after its disclosure to a Receiving Party as a result of disclosure not involving a violation of this Order will be presumed to be non-confidential material under this Stipulated Protective Order.

B.   "**Highly Confidential Information - AEO**" means any information, document, or thing, or portion of any document or thing the Designating Party in good faith believes to contain, reveal or reflect information that constitutes "Confidential Information" under Paragraph A, and consists of    extremely    sensitive,    highly    confidential,    nonpublic

information consisting of either trade secrets or proprietary or other highly confidential technical, business, financial, regulatory, or strategic information the unauthorized disclosure of which is likely to create a substantial risk of competitive or economic business injury to any Party.

C.   **Duration**.  Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; or (2) entry of a final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

II.   **Designations of Protected Material.** Any Protected Material or materials derived from Protected Material, whether or not filed with the Court, must be designated as "Confidential Information,"

6

or "Highly Confidential Information - AEO" as provided in this Paragraph II. For documents in hard-copy form or modifiable electronic format, such designation must be designated as "CONFIDENTIAL INFORMATION," or "HIGHLY CONFIDENTIAL INFORMATION - AEO," by stamping each page of the document in such a way as not to obscure any part of the text or content. A Designating Party may designate natively produced electronic documents and other non-imaged media as "Confidential Information," or "Highly Confidential Information - AEO" in accordance with any ESI Protocol entered in this action.

A. **Depositions.** Deposition testimony provided in this Litigation may be designated as Protected Material by any Party or Non-Party if the testimony concerns or relates to that Party's or Non-Party's Protected Material. Counsel desiring to designate any portion of testimony as Protected Material may do so by stating orally on the record on the day that the testimony is being given. Additionally, any Party or Non-Party may designate as Protected Material any or all portions of the transcript and/or video of any deposition that contains

Protected Material by notifying all other Parties in writing, within thirty (30) days of receipt of the transcript and/or video that contains Protected Material and designating the specific pages and/or lines as containing Protected Material. Confidentiality designations of transcripts will apply to audio, video, or other recordings of testimony. All transcripts and/or videos must be treated on an interim basis as Highly Confidential Information - AEO and subject to this Stipulated Protective Order until a time thirty (30) days after a final, official (non-draft) transcript or video of the deposition (or other testimony) and confidentiality designations are received. Until the thirty-day period has expired, counsel will not permit the deposition transcript, including exhibits, to be distributed to persons beyond those specified in Paragraph IV, other than the deponent and their counsel, and shall treat the deposition as Highly Confidential Information - AEO under this Stipulated Protective Order. If, before the expiration of the thirty-day period, a Party wishes to file any motion or pleading that will include reference to, or attach as exhibits,

any portion of the deposition transcript or confidential exhibits thereto, the Party shall treat the transcript or confidential exhibits as Highly Confidential Information - AEO. Assuming that the court reporter/stenographer has the means of doing so, the Parties agree that the following legend may be placed on the front page of each transcript that contains Protected Material: *e.g.*, "Confidential Information contained on page(s) ___." Such legend (and accompanying treatment) will apply only to the specific pages (or portions of pages) that have been so designated, and not the entire transcript. Any physical storage media containing Confidential testimony may be so designated in accordance with the provisions of this Stipulated Protective Order. For oral disclosures of Protected Material other than deposition testimony, a Party or Non-Party may, in writing, within ten (10) business days of the disclosure, designate the disclosure, or part(s) thereof, as Protected Material.

B.   **Documents Produced in Other Actions.** Subject to the requirements of Paragraph II.C below, any document

9

produced (or material containing information from a document produced), any deposition transcripts or exhibits, any Expert (defined below) reports, any filings, and any other materials from litigations involving any of the Parties in this Action, that were designated therein as confidential or highly confidential will be treated as Protected Material under this Stipulated Protective Order (and accorded the equivalent level of confidential treatment), unless the original party that designated the material as confidential agrees otherwise, the document or information has since become public, or the Court orders otherwise.

**C.** **Opportunity to Review Documents Produced in Other Actions for Confidentiality Designations.** As discussed further below in Paragraph XII, to the extent any documents, transcripts, reports, filings, or any other materials from other litigations involving any of the Parties to this action (described above in Paragraph II.B) are sought in discovery in this action from a non-party, those documents will be presumptively treated as Highly Confidential and the Parties

to this case whose confidential information may be contained in those documents will be given an opportunity to review those documents to assess the confidentiality designations of any such documents. The protections of Paragraph II.B are not intended to replace and do not obviate the need for this additional opportunity to review.

**D.** **Previously Produced Materials**. Any Protected Material that was exchanged by the Parties before execution of this Stipulated Protective Order are also covered by the provisions of this Stipulated Protective Order.

**E.** **Re-Designation.** Notwithstanding any contrary provision of this Stipulated Protective Order, each Designating Party retains the right to re-designate documents and things, and deposition testimony and other oral disclosures, subject to Paragraph VIII. Upon such re-designation, each Party and Non-Party shall in good faith endeavor to treat such written materials and oral disclosures in accordance with such designation from that time forward.

11

### III.   USE OF MATERIALS AND DECLARATION

A.   The Parties shall use all Protected Material and information derived from Protected Material solely in furtherance of the prosecution, defense, or attempted settlement of this Action. All materials designated "Confidential Information," or "Highly Confidential Information - AEO" must be stored and maintained by the Receiving Party in a manner no less secure than a Receiving Party would store and maintain its own Protected Material or that of its clients. Upon conclusion of this Action, a Receiving Party must comply with the provisions of Paragraph VIII below regarding return or destruction of Protected Material.

B.   Each Receiving Party, except the persons identified in Paragraphs IV(A) below, shall execute a Declaration in the form annexed hereto as Exhibit A and shall agree to be bound by this Stipulated Protective Order before receiving any Protected Material. Counsel for each Party shall maintain the executed Declarations and need not provide copies to any other Party, unless there is a genuine dispute between the

Parties concerning a person's handling of Protected Material, or except as expressly provided for herein.

C.    Notwithstanding any contrary provision in this Stipulated Protective Order, a Party is permitted to disclose Protected Material to the extent required by a valid subpoena or other valid legal process, provided that the procedures in this Paragraph III.C. are followed. The Party that has received a valid subpoena or other valid legal process (the "Subpoenaed Party") in this Litigation must provide the Designating Party with written notice of such subpoena or other legal process, via electronic mail or hand delivery, immediately upon receipt but in no event later than within five (5) business days of receiving the subpoena or a lesser period if ordered by the Court ("the Response Period"). The Subpoenaed Party shall cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. The Subpoenaed Party shall also inform the persons seeking discovery in writing (with copy to the Designating Party) that providing the information may be

a violation of this Stipulated Protective Order. If, within twenty-one (21) days of receiving notice from the Subpoenaed party, the Designating Party does not move for a protective order or give the Subpoenaed Party written notice of such motion, the Subpoenaed Party may commence the production of documents or proceed with a deposition in response to the request or subpoena. If the Designating Party does so move, absent a court order, the Subpoenaed Party will not produce any Protected Material. Production of Protected Material pursuant to a court order will not be deemed a violation of this Stipulated Protective Order.

**IV.   DISCLOSURE OF PROTECTED MATERIAL**. Unless otherwise ordered by this Court or permitted in writing by a Designating Party:

**A.**   Disclosure of **Confidential Information** may be made only to:

    i.   the Court, its secretaries, clerks, law clerks, and other staff;

ii.   outside counsel of record in the Action and their employed or retained support staff, secretaries, paralegals, legal assistants (this category hereinafter referred to as "Outside Counsel") (subject to the restrictions of Paragraph III.A above);

iii.  contractors for attorney support services, including, without limitation, copy services, litigation consultants or vendors, including, but not limited to, mock jurors or focus group participants used in connection with litigation consultants, document management services, graphics services, outside exhibit preparation companies, independent support services personnel, and database/coding service personnel;

iv.   in-house legal personnel for each Party;

v.    individual parties and directors, officers, and employees of a party but only to the extent counsel determines in good faith that disclosure of the information to the employee is reasonably necessary to the conduct and/or

settlement of the litigation in which the information is disclosed;

vi. court reporters/stenographers, court videographers, and similar transcription services and their support staff (this category hereinafter referred to as "Court Reporters");

vii. any Expert, consultant or professional jury or trial consultants, (including all Non-Party personnel and support staff assisting such Expert or consultant retained by or for the benefit of any of the Parties in this Action to help counsel in this Action (this category hereinafter referred to as "Experts"), provided that the Expert has executed a Declaration in the form annexed hereto as Exhibit A);

viii. any mediators engaged by the Parties, and their support staff;

ix. any person that counsel for a Party has a good-faith basis to believe prepared, received, reviewed, or materially contributed to the Protected Material; and,

x.      any witnesses in this action who Outside Counsel for a Party in good faith believes may be called to testify at trial or deposition in this action and to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Stipulated Protective Order must be separately bound by the Court Reporters and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

**B.    Disclosure of Highly Confidential Information - AEO** may not be made to the categories of persons described in Paragraph IV(A)(iv), and (v), with the exception that outside counsel may designate two in-house litigation counsel from each Party who are overseeing this litigation (i.e., not in-

house attorneys involved in non-litigation business decisions) that may review materials designated Highly Confidential Information – AEO.

V.   **SOURCE CODE.**   To the extent the production of source code becomes necessary, the Parties reserve their rights to modify this order as necessary to protect such materials and information, and the Parties shall meet and confer in good faith regarding such modification. No Party will be required to produce source code until modifications to this order relating to the protection of source code have been entered by the Court.

VI.   **REQUESTS TO DISCLOSE PROTECTED MATERIAL**. If a Party seeking to disclose Protected Material to a person not authorized access to such Protected Material pursuant to Paragraph IV herein provides counsel for the Designating Party with advance written notice, via electronic mail, or hand delivery, at least seven (7) business days before disclosure, that states the identity of the material for which disclosure is sought and the identity of the individual to whom disclosure would be made, counsel for the Designating Party may challenge the proposed

disclosure of material pursuant to this provision by providing counsel for the Party seeking disclosure with a written objection, via electronic mail/or hand delivery, within seven (7) business days thereafter. If a written objection is made, the Party seeking disclosure shall not proceed with disclosure unless authorized to do so pursuant to the procedures described in Paragraph VII below.

VII. **CHALLENGES TO DESIGNATIONS**. A Receiving Party has no obligation to challenge the propriety of a confidential designation (or re-designation) at the time the designation is made, and a failure to do so will not preclude its right to a subsequent challenge. For the avoidance of doubt, a Receiving Party, by accepting or receiving material designated Protected Material, is not admitting or conceding that such material is, in fact, Protected Material. In the event that a Party disagrees at any time with a "Confidential Information," or "Highly Confidential Information - AEO" designation made by another Party or a Non-Party, the following procedure shall be used:

A. The Party disputing a designation of Protected Material shall, in writing, notify the Producing Party that it is disputing the

designation (the "Challenge Notice"). The Challenge Notice shall include the specific: (i) materials in dispute by exact Bates number(s) (or by other identification if Bates number(s) are not on said materials); and (ii) reasons the Party believes the materials are not entitled to Protected Material treatment under this Stipulated Protective Order or the Federal Rules of Civil Procedure. The Producing Party shall respond in writing within fourteen (14) days of receiving the Challenge Notice and state with particularity the grounds for asserting that the document or information is entitled to Protected Material treatment under this Stipulated Protective Order or the Federal Rules of Civil Procedure. If the Producing Party does not respond in writing within the allotted fourteen (14) days, the materials will be presumptively determined to be non-confidential and not subject to Protected Material treatment under this Stipulated Protective Order or the Federal Rules of Civil Procedure. If the Producing Party makes a timely response, counsel shall, within fourteen days

(14) of receiving the challenge notice confer in good faith in an effort to resolve the dispute.

**B.** If counsel for the Parties are unable to resolve the dispute, the Receiving Party may file a motion to challenge the confidentiality designation of any disputed document. In responding to that motion, the Producing Party will have the burden of proof to establish the propriety of its confidential designation and must make a showing that disclosure of the information is protected under the Federal Rules of Civil Procedure (or other applicable law) or this Stipulated Protective Order. The document or thing that is the subject of the filing will be treated as originally designated pending resolution of the dispute.

**VIII. HANDLING OF PROTECTED MATERIAL**. Persons who have been shown Protected Material pursuant to this Stipulated Protective Order and have not otherwise obtained or maintained the material in the normal course of business shall only retain copies of such Protected Material to the extent reasonably necessary. Within sixty (60) days after such time as this Action is

concluded, by entry of final judgment or final approval of a class settlement, counsel will, at their option, return or undertake commercially reasonable efforts to destroy all Protected Material (including but not limited to copies in the possession or control of any Expert or employee). As to those materials that contain, reflect, incorporate, attach, or reference attorney work product, counsel of record for the Parties shall be entitled, without violating this Stipulated Protective Order, to retain such work product in their files, so long as the terms of this Stipulated Protective Order will continue to govern any such retained materials (including the restrictions of Paragraph III.A above). In addition, counsel shall be entitled, without violating this Stipulated Protective Order, to retain pleadings, affidavits, motions, briefs, expert reports (and exhibits thereto), correspondence (including internal correspondence and email), any other papers filed with the Court (including exhibits), deposition transcripts, hearing transcripts, and the trial record (including exhibits) even if such materials contain Protected Material, so long as this Stipulated Protective Order will continue to govern any such retained materials

22

(including the restrictions of Paragraph III.A above). The Receiving Party's commercially reasonable efforts will not require the return or destruction of materials that (i) are stored on backup storage media made in accordance with regular data backup procedures for disaster recovery purposes; or (ii) are located in the email archive system or archived electronic files of departed employees. Backup storage media need not be restored for purposes of returning or certifying destruction of materials, but any such materials retained in backup storage media will continue to be treated in accordance with this Stipulated Protective Order. The Parties and their respective representatives, attorneys, Experts, consultants, and vendors, including off-site hosting litigation support service providers, are prohibited from restoring such deleted copies, including electronic files, through the employment of "undelete" software and other similar computer forensic techniques, except to the extent required by a disaster recovery program that requires the restoration of data from otherwise inaccessible media. For the avoidance of doubt, nothing in this Paragraph obligates any Party

to destroy its own Protected Material at the close of this Action or at any other time.

IX. **INADVERTENT FAILURE TO DESIGNATE**. In the event that Protected Material is produced without having been previously marked "Confidential Information," or "Highly Confidential Information - AEO" the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it. The Designating Party must then, within ten (10) days of its written request, or such other time as agreed by the Parties, re-produce the document, paper, or thing with the appropriate confidentiality designation. The inadvertent failure of a Producing Party to designate a document as Protected Material at the time of production will not operate as a waiver of the rights and protections afforded by this Stipulated Protective Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. No Party will be deemed to have violated this Stipulated Protective Order if, before

notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later designation. Once a designation is made, however, the relevant documents or materials must be treated as Protected Material in accordance with this Stipulated Protective Order.

X.    **INADVERTENT DISCLOSURE OF PROTECTED MATERIAL BY RECEIVING PARTY**. If a Receiving Party learns that it has inadvertently or mistakenly disclosed Protected Material to any person or disclosed Protected Material in any circumstance not authorized by this Stipulated Protective Order, the Receiving Party shall, as soon as is practicable but no later than within three (3) business days of discovering such inadvertent or mistaken disclosure: (i) notify in writing the Designating Party of the unauthorized disclosure; (ii) use its best efforts to retrieve all copies of the Protected Material; and (iii) inform the person or persons to whom unauthorized disclosure was made, to the extent the person or persons are identifiable, of all the terms of this Stipulated Protective Order and attempt in good faith to have the person or persons execute a Declaration in the form annexed hereto

as Exhibit A. If Protected Material is used inadvertently during depositions in contravention of other provisions of this Stipulated Protective Order, the Protected Material will not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

XI. **OBLIGATIONS TO NON-PARTIES**. If otherwise discoverable information sought in a discovery request implicates a Producing Party's obligation to a Non-Party not to disclose such information, the Producing Party shall:

A. Timely serve a written objection to the production of such information on the basis of its obligation to a Non-Party not to disclose the information; and

B. Within twenty-one (21) days of receiving a discovery request that expressly seeks a Non-Party's confidential information or discovering that confidentiality obligations to a Non-Party are implicated by a discovery request, provide the Non-Party written notice of the pending request and a copy of this Stipulated Protective Order.

26

**C.** Such Non-Party shall have fourteen (14) days from the date of the written notice to either resolve the matter with the Parties or file a motion with the appropriate court seeking appropriate relief. If no such motion is filed by the Non-Party, the Producing Party shall promptly produce the materials upon resolution of any other objections (and subject to any appropriate designations under the terms of this Stipulated Protective Order or as stipulated between the Parties to this Action). If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession, custody or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Nothing in this Paragraph prevents a Party from producing its own documents that are subject to a confidentiality order with a third-party.

**D.** Notwithstanding the foregoing, nothing in this Paragraph prohibits, hinders, or otherwise affects any Party's ability to raise any objections on any basis to requests for discovery.

27

XII. **INFORMATION FROM NON-PARTY SOURCES**. To the extent that any discovery requests are served on a Non-Party, the Party serving the discovery request(s) shall, at the time of service, provide the Non-Party with a copy of this Stipulated Protective Order. A Non-Party may designate Protected Material pursuant to the provisions of this Stipulated Protective Order. Documents produced in this Action by Non-Parties that could potentially consist of or contain portions of documents originally created or generated by a Party—or reveal the confidential information of a Party—will be treated as "Highly Confidential Information - AEO" until the expiration of a thirty day period after the production in this Action (if an extension of this period is warranted given the volume of documents at issue, the parties shall confer and agree in good faith to a necessary extension). During that day period, if any Party believes a Non-Party has produced information from that Party that the Party believes in good faith to constitute Protected Material as defined in Paragraph I, that Party may notify the Non-Party and the other Parties that the Non-Party that it is designating those materials as Protected Material. The Party's

designation of the materials produced by the Non-Party applies with the same and equal force as any other designation of materials described in this Order.   Nothing in this Paragraph prevents a Party from treating documents produced by Non-Parties that are publicly available as Non-Protected Material during the thirty-day period.

XIII. **FILING PROTECTED MATERIAL WITH THE COURT**. This order does not authorize the filing of any documents under seal. The following procedures apply to the filing of Confidential Materials:

A. If a party seeks to have Confidential Material that it produced or designated as "Confidential" or "Highly Confidential" filed under seal, then that party is required to file an appropriate motion under Local Civil Rule 5.3(b)(2).

B. If a party intends to file Confidential Material with the Court that another party produced or designated as "Confidential," then (absent consent of the producing party that the Confidential Materials need not be filed under seal) it shall provisionally file the Confidential Material under seal. The party who produced or designated the Confidential Material

as "Confidential" or "Highly Confidential" must then file a motion in the form contemplated by Local Civil Rule 5.3(b)(2) within 14 days. If no such motion is filed, then the material will be unsealed.

XIV.   **FURTHER APPLICATION**. Nothing in this Stipulated Protective Order precludes any Party or Non-Party from whom discovery has been requested from applying to the Court for additional or different protective provisions with respect to specific material if the need arises during this Action. The Court shall retain jurisdiction over the Parties, and over any person executing an undertaking to be bound by the terms of this Stipulated Protective Order, during the pendency of this Action and for such time thereafter as is needed to carry out the terms of this Stipulated Protective Order.

XV.   **MODIFICATION BY THE COURT OR THE PARTIES**. The Court retains the right to modify this Stipulated Protective Order. Furthermore, nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Stipulated Protective Order for good cause.

**XVI. USE BY PARTY OF ITS OWN MATERIALS**. Nothing in this Stipulated Protective Order prevents a Party from using its own Protected Materials in any way that it sees fit, without prior consent of any person or the Court, provided that public disclosure by a Party of its own Protected Material will constitute the Party's waiver of the designation of that document for its use by any Party in this Action.

**XVII.      RIGHT TO ASSERT OTHER OBJECTIONS.**      By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**XVIII.      VIOLATIONS**. The Court has jurisdiction to enforce this Stipulated Protective Order and to grant relief, as authorized by law or in equity, for any violations thereof.

**SO ORDERED.**

<u>**s/Jonathan J.C. Grey**</u>
Jonathan J.C. Grey

Date:  July 23, 2025                    United States District Judge

So stipulated and agreed to by the Parties, July 22, 2025.

*/s/ Natasha J. Fernández-Silber*
Natasha J. Fernández-Silber (P83334)
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370
nfernandezsilber@edelson.com

*Special Acting Attorney General
for the State of Michigan*

Jonathan S. Comish (P86211)
Assistant Attorney General
**Michigan Department of Attorney
General**
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
comishj@michigan.gov

*/s/ (with consent) Timothy G. Cameron*
Timothy G. Cameron
Andrew C. Finch
Michael J. Zaken
**CRAVATH, SWAINE & MOORE
LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
tcameron@cravath.com
afinch@cravath.com
mzaken@cravath.com

Scott T. Seabolt (P55890)
**HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC**
706 South Main Street
Plymouth, MI 48170
(734) 544-5525
sseabolt@hhbjs.com

*Counsel for Defendant Prime
Therapeutics LLC*

*/s/ (with consent) Meghan McCaffrey*
Meghan McCaffrey (admission
forthcoming)
Mike Bonanno (admission
forthcoming)
**QUINN EMANUEL URQUHART
& SULLIVAN LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
mikebonanno@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com

33

Howard B. Iwrey (P39635)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
Tel: (248) 203-0700
hiwrey@dykema.com

Cody D. Rockey (P78653)
**DYKEMA GOSSETT PLLC**
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Tel: (734) 214-7655
crockey@dykema.com

*Counsel for Defendants Express
Scripts, Inc. and Evernorth Health,
Inc.*

# EXHIBIT A

## DECLARATION UNDER STIPULATED PROTECTIVE ORDER GOVERNING PROTECTED MATERIAL

I,_____ ,

am employed by _____. I

acknowledge and certify that:

1.      I have been given the Stipulated Protective Order in *The State of Michigan v. Express Scripts, Inc. et. al.,* No. 2:25-cv-11215-JJCG-KGA (E.D. Mich.) and have read the Stipulated Protective Order, and agree to be bound by its terms; and

2.      I also understand that my execution of this Declaration indicating my agreement to be bound by the Stipulated Protective Order is a prerequisite to my review of any information or documents designated as Confidential Information or Highly Confidential Information - AEO pursuant to the Stipulated Protective Order; and

3.      I further agree that I shall not disclose to others, except in accord with the Stipulated Protective Order, any Confidential Information or Highly Confidential Information - AEO, in any form whatsoever, and that such Confidential Information or Highly Confidential Information - AEO and the information contained therein may be used only for the purposes authorized by the Stipulated Protective Order; and

35

4.     I further agree to return all copies of any documents or information containing Confidential Information or Highly Confidential Information - AEO I have received to counsel who provided them to me upon completion of the purpose for which they were provided and no later than the conclusion of this Litigation; and

5.     I further agree and attest to my understanding that my obligation to honor the confidentiality of such Confidential Information or Highly Confidential Information - AEO material will continue even after this Litigation concludes; and

6.     I agree to be subject to the jurisdiction of this Court for the sole purpose of having the terms of the Stipulated Protective Order enforced.

Date: _____          Signature:_____

                                 Address: _____

## <u>Certificate of Service</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 23, 2025.

<u>s/</u> **S. Osorio**
Sandra Osorio
Case Manager
