UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE STATE OF MICHIGAN, | Case No. 2:25-cv-11215-JJCG-KGA |
| *Plaintiff,* | |
| *v.* | Hon. Jonathan J.C. Grey |
| EXPRESS SCRIPTS, INC.; EVERNORTH HEALTH, INC., formerly known as Express Scripts Holding Company; and PRIME THERAPEUTICS LLC, | Hon. Kimberly G. Altman |
| *Defendants.* | |

**THE STATE'S RESPONSE TO
DEFENDANTS' MOTION FOR LEAVE TO FILE UNDER SEAL
AN EXHIBIT TO THEIR FORTHCOMING MOTION TO DISMISS**

Defendants Express Scripts, Inc. ("ESI"), Evernorth Health, Inc., and Prime Therapeutics LLC ("Prime") (together, the "Defendants") seek leave to file under seal a 2019 contract between Prime and ESI as an exhibit to Defendants' motion to dismiss. Defendants assert that this exhibit "is the agreement at issue in the State's Complaint." ECF No. 26 at 1.

Plaintiff, the Attorney General for the State of Michigan (the "State"), acting on behalf of the People, takes no position on Defendants' motion to file under seal. However, the State requests that the Court refrain from reviewing the sealed attachment until the motion to dismiss is fully briefed to avoid potential prejudice to

1

the State, which intends to challenge Defendants' efforts to incorporate extrinsic evidence (including the sealed attachment) into the complaint in its forthcoming opposition brief.

As the State will explain more fully in its opposition brief, the attachment at issue is not the entire "agreement at issue in the State's Complaint," as Defendants claim in their sealing motion. ECF No. 26 at 1. Rather, as Defendants themselves recently admitted in their motion to stay fact discovery, "[t]he State's [conspiracy] allegations reach not only the challenged [2019 contract] between Prime and ESI, but also the confidential terms of . . . their joint ventures with each other and other PBMs." Br. in Supp. of Defs.' Mot. to Stay Disco. at 10, ECF No. 25 (quotations omitted). While the State has sought the full set of agreements (and amendments thereto) comprising the alleged conspiracy through discovery, Defendants have refused to produce them, instead requesting a full stay of discovery. *See id.* Defendants' efforts to stymie discovery while simultaneously cherry picking a single contract from a larger swath of operative agreements to put before the Court is potentially prejudicial and improper. *See Moyer v. Gov't Emps. Ins. Co.*, 114 F.4th 563, 565 (6th Cir. 2024) (declining to consider material extrinsic to complaint on motion to dismiss because material did not comprise the "complete set of controlling documents" alleged in complaint).

## CONCLUSION

In light of the foregoing, the State respectfully requests that the Court refrain from reviewing the sealed attachment (or any other materials beyond the pleadings) until the motion to dismiss is fully briefed to avoid potential prejudice to the State.

Respectfully submitted,

<u>/s/ Natasha J. Fernández-Silber</u>
Natasha J. Fernández-Silber* (P83334)
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370
nfernandezsilber@edelson.com
*Admitted in New York and Michigan only

*Special Acting Attorney General*
*for the State of Michigan*

<u>/s/ Jonathan S. Comish</u>
Jonathan S. Comish (P86211)
**MICHIGAN DEPARTMENT OF**
**ATTORNEY GENERAL**
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
comishj@michigan.gov

*Assistant Attorney General for the State of*
*Michigan*