**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EXPRESS SCRIPTS, INC., *et al.*,<br><br>　　　　　　Defendants. | 2:25-cv-11215-JJCG-KGA<br><br>Hon. Jonathan J.C. Grey |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS'**
**MOTION FOR LEAVE TO FILE UNDER SEAL**
<u>**AN EXHIBIT TO THEIR FORTHCOMING MOTION TO DISMISS**</u>

Although the State does not oppose Defendants' motion to seal (ECF No. 26) ("Motion"), Defendants respectfully submit this reply to (1) address the State's unusual request that this Court "refrain from reviewing" the Subcontract Agreement until the motion to dismiss is fully briefed (ECF No. 32 at PageID.1091), and (2) address several mischaracterizations in the State's Response ("Response").

*First*, it is within the Court's sound discretion to view—or not view—the Subcontract Agreement, whether in connection with the Motion, Joint Motion to Dismiss (ECF No. 28), or any other time the Court deems it appropriate, and the State has provided no legitimate reason for the Court to refrain from exercising that discretion as it sees fit.  The Subcontract Agreement is the basis of the Complaint

and the supposed evidence of the alleged "anticompetitive scheme" between Prime and ESI.  (ECF No. 1 at PageID.44-56 ¶¶ 87-112.)  The State cannot expect to shield this centrally important agreement from court review.  It is black letter law in this Circuit that "[a] document not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings when the 'document is referred to in the complaint and is central to the plaintiff's claim[.]'"  *Williams v. Real Time Resolutions*, 2021 WL 3089384, at *1 n.1 (E.D. Mich. July 22, 2021) (quoting *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir. 1999)).

The State's request that the Court shield its eyes from the Subcontract Agreement suggests that the State itself now recognizes that the agreement's plain terms do not constitute a horizontal price-fixing agreement between Prime and ESI. Had the State conducted an investigation before filing the Complaint, it would have known this all along.

*Second*, the State's suggestion that the Subcontract Agreement is "not the entire agreement," but is instead part of a "larger swath of operative agreements" that may be relevant to the State's claims, is baseless.  (ECF No. 32 at PageID.1092.) The Complaint alleges no broader "conspiracy" beyond the contractual relationship set forth in the Subcontract Agreement.  (*See* ECF No. 1 at PageID.44-56 ¶¶ 87-112.)  To be clear: the December 2019 contractual arrangement referenced in the Complaint (which the State incorrectly describes as a "price fixing" agreement) *is*

the 2019 Subcontract Agreement attached to the Motion.  (*See* ECF No. 1 at PageID.10 ¶ 13 ("In December 2019, Prime and ESI entered into an unlawful agreement to fix the rates of compensation they pay pharmacies (the 'Prime-ESI Agreement' or 'Agreement').")  Defendants therefore did exactly what they should have done—provided this critical document for the Court's consideration as "part of the pleadings." *Williams*, 2021 WL 3089384, at *1 n.1.

*Finally*, the State here and elsewhere mischaracterizes a reference to a group purchasing organization called Ascent Health Services LLC to imply that there is another operative agreement "comprising the alleged conspiracy" between Prime and ESI.[1]  (*See* ECF No. 32 at PageID.1092; *see also* ECF No. 25 at PageID.208; ECF No. 1 at PageID.51 ¶ 101.)  That is false.  Ascent is a separate entity (not named in the Complaint) that is unrelated to the pharmacy network contracting services at issue in this case, as explained in the Subcontract Agreement.[2]  (*See* ECF No. 27 at 26 § 3.2(a); *id.* at Schedule 2 §§ 2.3-.4, 5.)

---

[1] Ascent is not a "secretive" organization as the State alleges.  (ECF No. 1 at PageID.51 ¶ 101.)  Ascent is a Delaware limited liability company whose purpose is to achieve "better pharmaceutical discounts and supply terms on behalf of health plans covering more than 100 million people," as explained on its public website. *See* ASCENT HEALTH SERVICES, https://www.ascenthealthservices.com (last visited Aug. 14, 2025).

[2] Consequently, the State's reliance on *Moyer v. Gov't Emps. Ins. Co.*, 114 F.4th 563, 565 (6th Cir. 2024)—a case dealing with an agreement that was missing pages and did not reflect the changes made to it over a ten-year period—is entirely misplaced.  (*See* ECF No. 32 at PageID.1092.)

If the State seeks to advance these baseless arguments, the place to do so is in its opposition to the Joint Motion to Dismiss—not here.  Accordingly, Defendants reiterate their unopposed request that the Court grant their Motion and respectfully submit that the Court should exercise its discretion to review the Subcontract Agreement whenever it deems it appropriate to do so.

## CONCLUSION

Defendants moved for this Court to seal the Subcontract Agreement and the State does not oppose this request.  Accordingly, the Motion should be granted.

Dated:  August 14, 2025

Respectfully submitted,

*/s/ Timothy G. Cameron*

Timothy G. Cameron
Andrew C. Finch
Michael J. Zaken
**CRAVATH, SWAINE &
MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
tcameron@cravath.com
afinch@cravath.com
mzaken@cravath.com


Scott T. Seabolt (P55890)
**HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC**
706 South Main Street
Plymouth, MI 48170
(734) 544-5525
sseabolt@hhbjs.com

*Counsel for Defendant Prime
Therapeutics LLC*

*/s/ Meghan McCaffrey (with permission)*

Mike Bonanno
Meghan McCaffrey
Alec Levy
Michael Sebring
**QUINN EMANUEL URQUHART &
SULLIVAN LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
mikebonanno@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
aleclevy@quinnemanuel.com
michaelsebring@quinnemanuel.com


Howard B. Iwrey (P39635)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
hiwrey@dykema.com

Cody D. Rockey (P78653)
**DYKEMA GOSSETT PLLC**
2723 South State Street, Suite 400
Ann Arbor, MI 48104
(734) 214-7655
crockey@dykema.com

*Counsel for Defendants Express
Scripts, Inc. and Evernorth Health, Inc.*

5