UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE STATE OF MICHIGAN,<br><br>*Plaintiff,*<br><br>v.<br><br>EXPRESS SCRIPTS, INC.;<br>EVERNORTH HEALTH, INC.,<br>formerly known as Express Scripts<br>Holding Company; and PRIME<br>THERAPEUTICS LLC,<br><br>*Defendants.* | Case No. 2:25-cv-11215-JJCG-KGA<br><br>Hon. Jonathan J.C. Grey<br><br>Hon. Kimberly G. Altman |

**THE STATE OF MICHIGAN'S UNOPPOSED MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The State of Michigan (the "State"), acting on behalf of the People, respectfully requests the Court's leave to file a notice of supplemental authority in further support of its opposition to Defendant's Joint Motion to Dismiss. *See* ECF No. 37 (opposition); ECF No. 28 (motion to dismiss); *Connecticut v. Sandoz, Inc.*, No. 3:20-cv-00802-MPS (D. Conn. Oct. 31, 2025), ECF No. 898 (attached hereto as Exhibit A).[1]

---

[1] Defendants do not oppose the State's motion. However, Defendants have indicated that they reserve the right to file a response to this motion.

1

Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*
Natasha J. Fernández-Silber* (P83334)
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370
nfernandezsilber@edelson.com
*Admitted in New York and Michigan only

*Special Acting Attorney General
for the State of Michigan*

*/s/ Jonathan S. Comish*
Jonathan S. Comish (P86211)
**MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL**
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
comishj@michigan.gov

*Assistant Attorney General for the State of
Michigan*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| THE STATE OF MICHIGAN,<br><br>*Plaintiff,*<br><br>v.<br><br>EXPRESS SCRIPTS, INC.;<br>EVERNORTH HEALTH, INC.,<br>formerly known as Express Scripts<br>Holding Company; and PRIME<br>THERAPEUTICS LLC,<br><br>*Defendants.* | Case No. 2:25-cv-11215-JJCG-KGA<br><br>Hon. Jonathan J.C. Grey<br><br>Hon. Kimberly G. Altman |

**BRIEF IN SUPPORT OF THE STATE OF MICHIGAN'S UNOPPOSED
MOTION FOR LEAVE TO FILE NOTICE OF SUPPLEMENTAL
AUTHORITY IN SUPPORT OF OPPOSITION TO DEFENDANTS'
<u>MOTION TO DISMISS</u>**

On September 17, 2025, the State of Michigan (the "State"), acting on behalf of the People, filed its Memorandum in Opposition to Defendants' Motion to Dismiss. ECF No. 37. On October 31, 2025, the U.S. District Court for the District of Connecticut issued a ruling in *Connecticut v. Sandoz, Inc.*, No. 3:20-cv-00802-MPS (D. Conn. Oct. 31, 2025), ECF No. 898 ("*Connecticut* Decision"), addressing several of the disputed issues that were raised by Defendants' Joint Motion to Dismiss. *See* ECF No. 28. The State respectfully requests leave of the Court to file

1

a notice of supplemental authority. The *Connecticut* Decision is attached to this motion as Exhibit A.

## I.   ARGUMENT

"Whether to permit parties to file notices of supplemental authority is a matter left to the Court's discretion." *Chelsea Ventures, LLC v. Cincinnati Ins. Co.*, No. 20-13002, 2021 WL 2529821, at *10 (E.D. Mich. June 21, 2021), *aff'd sub nom. Brown Jug, Inc. v. Cincinnati Ins. Co.*, 27 F.4th 398 (6th Cir. 2022). The court should grant a motion for leave to file supplemental authorities when the "motion simply offers additional authority relevant to the Court's decision and does not advance any legal argument." *Id.*

In their Motion to Dismiss, Defendants assert the State's claims under state and federal law are time barred because (1) the State fails to allege fraudulent concealment and (2) the continuing violation doctrine does not apply. Defs.' Jt. Mot. to Dismiss, ECF No. 28 at 21-28. In the *Connecticut* Decision, the court addressed the doctrines of notice, fraudulent concealment, and continuing violations in ruling on defendants' motion for summary judgment on statute of limitations grounds for claims brought under the laws of numerous states, including the Michigan Antitrust Reform Act. *See Connecticut* Decision at 13-21; 28-30 (discussing the effect of the continuing violation doctrine on the statute of limitations for antitrust claims); 26-27, 38-46 (discussing fraudulent concealment); and 82-84 (discussing application of

these doctrines to the Michigan Antitrust Reform Act). Accordingly, the decision may assist the Court in ruling on Defendants' pending Motion to Dismiss.

Because the State "offers additional authority relevant to the Court's decision" without legal argument, the State's motion should be granted. *Chelsea Ventures*, 2021 WL 2529821, at *10. *See also Brintley v. Belle River Cmty. Credit Union*, No. 17-13915, 2018 WL 8815627, at *1 (E.D. Mich. May 7, 2018) (allowing party to file notice of supplemental authority because it "may assist the Court in ruling on the Motion to Dismiss").

The Court should grant the State's motion and consider the supplemental authority filed as Exhibit A.

Respectfully submitted,

/s/ Natasha J. Fernández-Silber
Natasha J. Fernández-Silber* (P83334)
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Tel: (312) 589-6370
nfernandezsilber@edelson.com
*Admitted in New York and Michigan only

*Special Acting Attorney General
for the State of Michigan*

/s/ Jonathan S. Comish
Jonathan S. Comish (P86211)
**MICHIGAN DEPARTMENT OF
ATTORNEY GENERAL**
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
comishj@michigan.gov

*Assistant Attorney General for the State of
Michigan*

4