# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| THE PEOPLE OF THE STATE OF MICHIGAN,<br><br>                    Plaintiff,<br>    v.<br><br>EXPRESS SCRIPTS, INC.;<br>EVERNORTH HEALTH, INC.,<br>formerly known as Express Scripts<br>Holding Company; and PRIME<br>THERAPEUTICS LLC,<br><br>                    Defendants. | Case No. 2:25-cv-11215-JJCG-KGA<br><br>Hon. Jonathan J.C. Grey |

## DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS

For the reasons set forth in the accompanying Brief, Defendants Prime Therapeutics LLC, Express Scripts, Inc. and Evernorth Health, Inc. (collectively, "Defendants"), respectfully move this Court for an Order staying discovery pending resolution of Defendants' Motion to Dismiss.  This motion is brought pursuant to the Court's Order of March 10, 2026 (ECF No. 52), which denied Defendants' prior motion to stay discovery without prejudice in light of Plaintiff's amended complaint, but indicated that Defendants may re-file motions or stipulations regarding discovery as they deem proper and appropriate.  *Id.*

On March 20, 2026, Defendants and the State met and conferred via video

conference at a Federal Rule of Civil Procedure 26(f) conference.  Pursuant to

Local Rule 7.1(a), Defendants explained the nature of this motion to stay and

requested but did not obtain concurrence in the relief sought.

Dated:  March 23, 2026                            Respectfully submitted,

/s/ *Timothy G. Cameron*
Timothy G. Cameron
Andrew C. Finch
Michael J. Zaken
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
tcameron@cravath.com
afinch@cravath.com
mzaken@cravath.com

Scott T. Seabolt (P55890)
**HICKEY HAUCK BISHOFF JEFFERS
& SEABOLT, PLLC**
706 South Main Street
Plymouth, MI 48170
(734) 544-5525
sseabolt@hhbjs.com

*Counsel for Defendant Prime
Therapeutics LLC*

/s/ *Meghan McCaffrey* (with permission)

Mike Bonanno
Meghan McCaffrey
Alec Levy
Michael Sebring
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel:  (202) 538-8000
mikebonanno@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
aleclevy@quinnemanuel.com
michaelsebring@quinnemanuel.com


Howard B. Iwrey (P39635)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
hiwrey@dykema.com

Cody D. Rockey (P78653)
**DYKEMA GOSSETT PLLC**
2723 South State Street, Suite 400
Ann Arbor, MI 48104
(734) 214-7655
crockey@dykema.com

*Counsel for Defendants Express Scripts, Inc. and Evernorth Health, Inc.*

3

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

THE PEOPLE OF THE STATE OF
MICHIGAN,

                    Plaintiff,

     v.

EXPRESS SCRIPTS, INC.;
EVERNORTH HEALTH, INC.,
formerly known as Express Scripts
Holding Company; and PRIME
THERAPEUTICS LLC,

                   Defendants.

Case No. 2:25-cv-11215-JJCG-KGA

Hon. Jonathan J.C. Grey

# BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THEIR MOTION TO DISMISS

## TABLE OF CONTENTS

Concise Statement of The Issue Presented ............................................................... ii

Table of Controlling or Most Appropriate Authority............................................... iii

Table of Authorities ..................................................................................................iv

Introduction ..............................................................................................................1

Background................................................................................................................4

Legal Standard..........................................................................................................5

Argument...................................................................................................................7

    A.    Defendants' Motion To Dismiss Is Case Dispositive and
            Can Be Decided Without Discovery. ...................................................8

    B.    The Proposed Discovery Is Incompatible with the Federal
            Pleading Standard. ..............................................................................10

    C.    The Proposed Discovery Would Be Expensive and
            Burdensome. .......................................................................................11

    D.    The State Will Suffer No Prejudice From a Stay.............................15

    E.    A Stay Is the Most Efficient Resolution. .........................................16

Conclusion...............................................................................................................16

i

## CONCISE STATEMENT OF THE ISSUE PRESENTED

Whether this Court should stay discovery pending resolution of Defendants' Motion to Dismiss because the Motion is case dispositive and can be decided without discovery, discovery will be broad, unduly burdensome and expensive, and no party will suffer harm from a stay.

Defendants' Answer:      YES.

## TABLE OF CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Statutes and Rules:**

1. Federal Rules of Civil Procedure 8, 12, 26(c)

**Cases:**

1. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

2. *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300 (6th Cir. 2003)

3. *Wagle v. Corizon*, No. 19-CV-13787, 2021 WL 12180662 (E.D. Mich. Sept. 24, 2021)

4. *Stribling v. Washington*, No. 20-CV-12990, 2022 WL 20306417 (E.D. Mich. June 23, 2022)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................5, 10

*Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*,
   15 F.4th 831 (7th Cir. 2021)...................................................................5

*Begum v. United States Dep't of State*,
   No. 2:24-CV-1784, 2024 WL 4871599 (S.D. Ohio Nov. 22, 2024) .................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)..........................................................................5, 10, 11

*Brave Optical, Inc. v. Luxottica of Am. Inc.*,
   No. 23-CV-793, 2025 WL 962827 (S.D. Ohio Mar. 31, 2025) *amended
   on reconsideration in part on other grounds by* 2026 WL 376931(S.D.
   Ohio Feb. 11, 2026) ......................................................................................9

*Cromer v. Braman*,
   No. 07-CV-9, 2007 WL 3346675 (W.D. Mich. Nov. 7, 2007) .........................16

*Cummings v. Flint Police Dep't*,
   735 F. Supp. 3d 810 (E.D. Mich. 2024) ................................................... 10-11

*Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*,
   349 F.3d 300 (6th Cir. 2003)...................................................... 5-6, 8

*Hahn v. Star Bank*,
   190 F.3d 708 (6th Cir. 1999)...................................................................6

*Hugueley v. Parker*,
   No. 19-CV-00598, 2020 WL 434255 (M.D. Tenn. Jan. 28, 2020) ...................15

*In re Packaged Seafood Prods. Antitrust Litig.*,
   338 F. Supp. 3d 1079 (S.D. Cal. 2018) ............................................................9

*In re Travel Agent Comm'n Antitrust Litig.*,
   583 F.3d 896 (6th Cir. 2009)................................................................. 11-12

*Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*,
70 F.3d 422 (6th Cir. 1995).................................................................................8

*Parker v. Tenneco Inc.*,
No. 23-CV-10816, 2024 WL 5004326 (E.D. Mich. Dec. 6, 2024) ....................9

*Rutman Wine Co. v. E. & J. Gallo Winery*,
829 F.2d 729 (9th Cir. 1987)..................................................................... 14-15

*Stribling v. Washington*,
No. 20-CV-12990, 2022 WL 20306417 (E.D. Mich. June 23, 2022) ......... 15-16

*Thomas v. United States Postal Serv.*,
No. 22-CV-11506, 2024 WL 2883654 (E.D. Mich. June 7, 2024), *report
and recommendation adopted*, 2024 WL 3297057 (E.D. Mich. July 3,
2024) ...................................................................................................................7

*Wagle v. Corizon*,
No. 19-CV-13787, 2021 WL 12180662 (E.D. Mich. Sept. 24, 2021)........passim

*Williams v. Nationstar Mortg. LLC*,
No. 2:24-CV-4259, 2025 WL 1295769 (S.D. Ohio May 5, 2025).....................6

*Williams v. Scottrade, Inc.*,
No. 06-10677, 2006 WL 1722224 (E.D. Mich. June 19, 2006) ..............6, 7, 8, 9

*Yuhasz v. Brush Wellman, Inc.*,
341 F.3d 559 (6th Cir. 2003).............................................................................14

**Statutes & Rules**

Fed. R. Civ. P. 8.............................................................................................7, 11

Fed. R. Civ. P. 12..........................................................................................7, 11

Fed. R. Civ. P. 12(a)(4)......................................................................................15

Fed. R. Civ. P. 12(b)(6).....................................................................................10

Fed. R. Civ. P. 26(c) .......................................................................................3, 5

Fed. R. Civ. P. 26(f).............................................................................................4

Section 2 of the Michigan Antitrust Reform Act.................................................8

Section 1 of the Sherman Antitrust Act....................................................................8

Defendants Prime Therapeutics LLC ("Prime"), Express Scripts, Inc. and Evernorth Health, Inc. (together with Express Scripts, Inc., "ESI") (collectively, "Defendants") respectfully submit this Brief in support of their Motion to Stay Discovery pending resolution of Defendants' Motion to Dismiss the State's Amended Complaint (the "AC").

## **INTRODUCTION**

This Court should stay discovery pending its decision on the Defendants' Motion to Dismiss, which Defendants filed on March 23, 2026.  That motion seeks dismissal with prejudice on the grounds that the State's antitrust claims are time-barred, the AC fails to state a claim under federal or state law, and the State lacks standing.

In its AC, Plaintiff the State of Michigan ("State") alleges that a 2019 subcontract agreement (the "Subcontract") between Prime and ESI amounts to a horizontal price-fixing conspiracy in violation of federal and state antitrust laws. The State waited more than five years after the Subcontract's formation and public disclosure to raise any challenge, filing a belated, defective complaint built on bare legal conclusions untethered to the facts.  During that period, to the best of the Defendants' knowledge, the State did nothing to investigate the Subcontract or assess whether it was anticompetitive.  And now, after the applicable statutes of limitations have elapsed, the State seeks to make up for its lack of diligence by

1

running headlong into broad, burdensome, and expensive antitrust discovery *before* this Court can decide its jurisdiction and the legal sufficiency of the AC, including whether the State has standing, whether its claims are barred by the statute of limitations, and whether it has otherwise stated a claim. A stay will allow this Court to assess the AC's material deficiencies before the parties and this Court expend unnecessary resources.

Permitting the State to proceed with notoriously burdensome and costly antitrust fact discovery at this stage in the dispute will unfairly prejudice Defendants. Absent a stay from this Court, the State has already indicated it will pursue overbroad and burdensome discovery. And as the Court will likely be called upon to expend its time and resources by adjudicating disputes regarding the State's overbroad and premature discovery. For example, the State seeks immediate production from the AIDS Healthcare Foundation ("AHF") of *all* documents from a four-year confidential arbitration it had against Prime. In doing so, the State not only seeks premature and overbroad discovery, but also threatens the arbitral parties' privacy interests.[1] If discovery is not stayed, Defendants would

---

[1] In a parallel case against ESI currently pending in the Western District of Washington, *Osterhaus Pharmacy Inc. v. Express Scripts Inc.*, the court quashed a substantively identical subpoena to AHF—seeking all documents from the same arbitration against Prime—and "warn[ed]" that "any subsequent subpoena . . . should not be fashioned as a bulk request for documents related to the confidential AAA arbitration." No. 25-cv-00058 (W.D. Wash. Dec. 19, 2025), Dkt. 19.

be forced to challenge this, and this Court would be forced to spend its time and resources deciding the dispute, as the State should not be permitted to leverage this Court's subpoena power to violate arbitral confidentiality.  There is no reason to impose the costs and other burdens of discovery before the Court has determined if the case will proceed beyond the filing of the AC.  Thus, a stay is both a fair and efficient resolution.

The State, on the other hand, will suffer ***no prejudice*** if the Court stays discovery while it considers the dispositive motion.  The State waited more than ***five years*** to bring its claims—a delay that is likely dispositive here—and it will have ample time and opportunity to obtain discovery should its claims survive. Defendants' Motion to Dismiss the AC is based entirely on the AC and Defendants' Subcontract, which Defendants produced to the State in July 2025. After sitting on its hands for over half a decade, the State cannot credibly assert an urgent need for discovery before the Court even evaluates the sufficiency of the AC.

For these reasons, and pursuant to Rule 26(c) and the Court's inherent powers, the Court should grant an order staying discovery pending resolution of the Motion to Dismiss.

**BACKGROUND**

The State filed its initial Complaint on April 28, 2025.  (ECF No. 1.)

Shortly thereafter, the parties stipulated to a schedule for the briefing of

Defendants' Motion to Dismiss, which provided for full briefing by October 16,

2025.  The parties then met via video conference for a Rule 26(f) Conference on

June 17, 2025.  To avoid burdening the Court with this unnecessary, premature

dispute, Defendants offered in writing to provide the State with the confidential

Subcontract that forms the basis of its claims in exchange for a stay of discovery.

The State rejected that offer, opting instead to serve both party and nonparty

discovery.[2]  On July 23, 2025, Defendants filed a motion to stay discovery pending

the resolution of their Motion to Dismiss.  (ECF No. 25.)  After filing a motion for

leave to file the Subcontract under seal in connection with the Motion to Dismiss

(ECF No. 26), Defendants produced the Subcontract to the State on July 25, 2025

as an exhibit to that motion.  (ECF No. 28-1.)  On March 10, 2026, the Court

granted the State permission to file the AC.  (ECF No. 52.)  The Court

concurrently denied without prejudice Defendants' motions to dismiss and to stay

discovery, but ordered that Defendants may re-file a motion to dismiss, as well as

---

[2]   The "First Set of Requests for Production" from Defendants and the
subpoena served on the AIDS Healthcare Foundation ("AHF") are attached to this
brief as Exhibits ("Ex.") 1 and 2, respectively.

"motions or stipulations regarding discovery . . . as [they] deem proper and appropriate."  *Id.*

Notably, the party discovery served thus far (the State makes no assurances that it will not serve additional discovery) seeks no more than the Subcontract already produced, while the nonparty discovery goes well beyond, seeking document discovery, filings, transcripts, and orders from confidential arbitration proceedings.  The parties met and conferred regarding Defendants' proposed Motion to Stay Discovery on March 20, 2026.  Yet the State still refuses to stay discovery, suggesting it intends imminently to seek more discovery from the Parties or other third parties.

## LEGAL STANDARD

A complaint, particularly one raising antitrust claims, must state a claim to relief that is plausible *on its face* before it unlocks the doors of discovery for a plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-559 (2007); *Ass'n of Am. Physicians & Surgeons, Inc. v. Am. Bd. of Med. Specialties*, 15 F.4th 831, 835 (7th Cir. 2021) ("Twombly bars the discover-first, plead-later approach" as "modern antitrust litigation is expensive").

Rule 26(c) authorizes a district court to issue a protective order staying discovery upon a showing of "good cause."  District courts have "broad discretion

and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Gettings v. Bldg. Laborers Loc. 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999)); *see also Williams v. Scottrade, Inc.*, No. 06-10677, 2006 WL 1722224, at *1 (E.D. Mich. June 19, 2006) (observing that "it is settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the court's discretion" and granting a motion to stay) (internal quotation marks and alterations omitted).

In evaluating a motion to stay discovery, "the court must weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Wagle v. Corizon*, No. 19-CV-13787, 2021 WL 12180662, at *1 (E.D. Mich. Sept. 24, 2021) (internal quotation marks and citation omitted). Courts should also consider whether "proceeding or postponing discovery" would result in "the efficient use of judicial resources." *Id.* (internal quotation marks and citation omitted). Furthermore, "[w]hen a stay, rather than a prohibition, of discovery is sought, the burden upon the party requesting the stay is less than if he were requesting a total freedom from discovery." *Williams v. Nationstar Mortg. LLC*, No. 2:24-CV-4259, 2025 WL 1295769, at *2 (S.D. Ohio May 5, 2025) (internal quotation marks and citation omitted).

6

Courts have observed that absent a need for jurisdictional or other necessary discovery or a showing of prejudice, motions for stays of discovery pending a resolution of a motion to dismiss should be granted. *See Williams*, 2006 WL 1722224, at *1; *see also Thomas v. United States Postal Serv.*, No. 22-CV-11506, 2024 WL 2883654, at *2 (E.D. Mich. June 7, 2024), *report and recommendation adopted*, 2024 WL 3297057 (E.D. Mich. July 3, 2024) ("Discovery is not needed to resolve such a motion and, to the extent further discovery is necessary before addressing the motion, Judge Drain can order additional discovery. In the meantime, however, the most efficient use of the parties' and judicial resources is to stay discovery on all claims at issue in Defendant's motion to dismiss.").

## ARGUMENT

The balance of factors in this case unequivocally weighs in favor of staying discovery. Defendants' renewed Motion to Dismiss will offer multiple independent grounds to dispose of the State's entire case and can be decided without discovery, particularly where Defendants already provided to the State the Subcontract that is central to all of the State's claims. Commencing discovery at this early stage would obviate the purpose of Federal Rules of Civil Procedure 8 and 12. Discovery in this case promises to be burdensome and expensive, and after waiting more than *five years* to bring its claims, the State will suffer no prejudice from a stay until the Court evaluates the sufficiency of the AC.

7

**A.     Defendants' Motion To Dismiss Is Case Dispositive and Can Be Decided Without Discovery.**

Defendants' Motion to Dismiss shows that the AC should be dismissed for multiple independent reasons, including: (i) the State's antitrust claims are barred by the four-year statutes of limitations and the State fails to plead facts showing that those limitations periods were tolled; (ii) the AC fails to state a claim under Section 1 of the Sherman Antitrust Act or Section 2 of the Michigan Antitrust Reform Act; (iii) the AC fails to state a claim for public nuisance or unjust enrichment; and (iv) the State lacks standing.

These are threshold legal issues that could dispose of the case in its entirety and cannot be salvaged by discovery. "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings*, 349 F.3d at 304 (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)). And courts "frequently choose to stay discovery where a dispositive motion raises an issue, such as immunity from suit, which would be substantially vitiated absent a stay." *Wagle*, 2021 WL 12180662, at *1 (internal quotation marks and citation omitted). Stays of discovery are particularly warranted, as here, pending motions to dismiss raising preliminary questions that may, based on the resolution of threshold legal issues, dispose of the case with prejudice. *See, e.g.*,

8

*Gettings*, 349 F.3d at 304; *see also Williams*, 2006 WL 1722224, at \*1.  Indeed, courts routinely grant stays in the face of motions to dismiss that—as here—could dispose of a case in its entirety.  *See, e.g.*, *Williams*, 2006 WL 1722224, at \*1 (granting stay because "Scottrade's motion to dismiss, if granted, will render Plaintiff's discovery requests moot"); *see also Parker v. Tenneco Inc.*, No. 23-CV-10816, 2024 WL 5004326, at \*4 (E.D. Mich. Dec. 6, 2024) (observing that the running of a statute of limitations is an issue, akin to immunity, that should be decided prior to discovery).  A stay of discovery is also independently warranted where, like here, the State "does not suggest that [it] lacks the information necessary to properly respond to the motions to dismiss." *Begum v. United States Dep't of State*, No. 2:24-CV-1784, 2024 WL 4871599, at \*2 (S.D. Ohio Nov. 22, 2024).

Moreover, if successful, Defendants' arguments would warrant a grant of dismissal on the State's core antitrust claims *with prejudice*, further underscoring the need for a stay.  *See, e.g.*, *Brave Optical, Inc. v. Luxottica of Am. Inc.*, No. 23-CV-793, 2025 WL 962827, *amended on reconsideration in part on other grounds by* 2026 WL 376931, at \*1 (S.D. Ohio Feb. 11, 2026), at \*8 (S.D. Ohio Mar. 31, 2025) (dismissing *with prejudice* antitrust claims as time-barred under the applicable statutes of limitations); *In re Packaged Seafood Prods. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1104 (S.D. Cal. 2018) (dismissing *with prejudice* state law

9

*parens patriae* claims for lack of standing).  Unlike "certain matters of judicial administration" like "venue or personal jurisdiction" for which "judgment on a dispositive motion will simply result in the parties refiling their claims elsewhere," allowing discovery to proceed in this case—where it is likely to be dismissed with prejudice in its entirety as a result of the statute of limitations, fundamental defects in the State's claims and standing issues—"pose[s] a serious risk of wasting time and resources." *Wagle*, 2021 WL 12180662, at *3.  This factor weighs heavily in favor of granting a stay.

## B.  The Proposed Discovery Is Incompatible with the Federal Pleading Standard.

Having failed to conduct any substantive pre-complaint investigation, the State nonetheless now seeks overbroad discovery to which it is not entitled.  The State seeks the entire record of materials produced in a confidential arbitration without any attempt to focus on the issues at stake in *this litigation*, undoubtedly with the hope of obtaining additional information that might enable it to save its AC.  That is incompatible with black letter law requiring that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  To overcome the "hurdle of a pleading test under Rule 12(b)(6) and proceed to discovery, the plaintiff must plead facts sufficient to raise a reasonable expectation

that discovery will reveal evidence of the alleged wrongdoing." *Cf. Cummings v. Flint Police Dep't*, 735 F. Supp. 3d 810, 820 (E.D. Mich. 2024) (internal quotation marks and citation omitted) (denying request for limited discovery to uncover facts that would cure pleading deficiencies).

To permit the State to seek, among other things, production of the entire universe of documents produced in the confidential AHF arbitration proceeding (*see* Ex. 2) in order to supplement its defective AC is to absolve the State of its pleading requirements under Rule 8 and to deprive Defendants of their right to challenge the AC's sufficiency under Rule 12.  The State should not be allowed to wield the subpoena power of this Court to break through the confidentiality of the AHF arbitration proceeding before making a threshold showing that its AC will survive the pleading stage.

**C.     The Proposed Discovery Would Be Expensive and Burdensome**.

As the Supreme Court and the Sixth Circuit have recognized, antitrust discovery is notoriously expensive and burdensome.  *See Twombly*, 550 U.S. at 558-59 (cautioning district courts to keep in mind the "unusually high cost of [fact] discovery in antitrust cases" when evaluating motions to dismiss (citation omitted)); *In re Travel Agent Comm'n Antitrust Litig.*, 583 F.3d 896, 904 (6th Cir. 2009) ("[T]he costs of modern federal antitrust litigation and the increasing caseload of the federal courts counsel against sending the parties into discovery

11

when there is no reasonable likelihood that the plaintiffs can construct a claim from the events related in the complaint." (internal quotation marks and citation omitted)).

This case is no exception.  The AC alleges federal and state antitrust claims (among other state law claims) arising from a purportedly anticompetitive agreement between Prime and ESI with *national* scope.  AC ¶ 137 (alleging that the "relevant geographic market is the *United States*, or narrower markets therein, including the State of Michigan" (emphasis added)).  The State's allegations reach not only the challenged Subcontract between Prime and ESI, but also "the confidential terms of their [tens of thousands of] contracts with retail pharmacies and drug manufacturers," as well as their joint ventures with each other and other PBMs.  *See Id*. ¶¶ 75, 101.  Furthermore, while the State has thus far served limited party discovery (*i.e*., the Subcontract, which the State has already received as an exhibit to Defendants' initial Motion to Dismiss), it has indicated that it seeks much more than that, including seeking all documents that Defendants have produced as part of certain government investigations. Government investigations often do not overlap precisely with "related" civil complaints and could require extensive document review prior to production for unique issues of relevance, confidentiality and privilege.

Likewise, the State intends to—and, in at least one case, already has—

12

served discovery on third parties in *other* litigations seeking all discovery, briefing, and rulings in those actions as well. (*See* Ex. 2.)  Put another way, the State has made clear that the expedited discovery it seeks is nothing more than cloned discovery from other proceedings and actions; discovery that is, by definition, not tailored to the needs of this case, and therefore inherently overbroad and unduly burdensome—especially at this juncture.[3]  And because the State is pursuing *Defendants' own documents* through third parties who have no interest in protecting Defendants' sensitive information (*see* Ex. 1 (July 10, 2025 subpoena to AIDS Healthcare Foundation, seeking, *inter alia*, "All documents that have been produced to You" in the *AIDS Healthcare Foundation v. Prime Therapeutics LLC* arbitration—*i.e.*, all of ***Prime's*** documents)), Defendants would insist on performing a page-by-page review of the intended productions to screen for confidentiality, relevance, overbreadth, proportionality, and other considerations that a typical subpoena recipient would ordinarily focus on.  There is simply no reason such discovery should proceed now.

In an effort to resolve this dispute without litigation, Defendants offered to compromise with the State by producing the Subcontract between Prime and ESI that underlies the State's claims, in return for an agreement to stay all other

---

[3] As described above, *supra* note 1, a court in a parallel case has already quashed a substantively identical subpoena to AHF.

13

discovery.  The State declined that offer, but received a copy of the Subcontract as part of the prior motion to dismiss briefing.  The State appears, however, to want to plow ahead with additional discovery, including an extraordinarily broad amount of cloned discovery from a third party in confidential arbitration proceedings.  The State should not be permitted to use third-party discovery as an end-run to obtain what it should not be permitted to obtain from the parties to this case.  Nor should it be permitted to use the subpoena power of this Court to pierce the confidentiality of arbitration proceedings pending resolution of a motion to dismiss that challenges the viability of this case in its entirety.

What is more, if the State is allowed to proceed with broader discovery requests, Defendants will need to seek—as not to be prejudiced by an information asymmetry—reciprocal discovery from the State and third parties.  That will only exacerbate the burdens and expenses of discovery that are unnecessary to incur at this early stage in the litigation.

As such, the burden factor also weighs strongly in favor of staying all discovery pending resolution of the Motion to Dismiss.  *See Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("The very purpose of Fed. R. Civ. P. 12(b)(6) is 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (explaining that

14

that purpose is especially important in "antitrust cases," where "the costs of discovery" are "prohibitive"))).

**D.     The State Will Suffer No Prejudice From a Stay**.

A stay of discovery would "work no significant prejudice to" the State. *Wagle*, 2021 WL 12180662, at \*2 (quoting *Hugueley v. Parker*, No. 19-CV-00598, 2020 WL 434255, at \*2 (M.D. Tenn. Jan. 28, 2020)).  The State cannot credibly argue otherwise, given that it has been on notice of the Subcontract since 2020 and *waited more than five years to bring its claims* (during which time it does not appear to have taken any steps to seek any relevant documents or otherwise investigate).  And since July 2025, the State has had the complete 514-page Subcontract which is central to its claims.

Furthermore, there currently is no scheduling order for discovery.  If the State defeats the renewed Motion to Dismiss, Defendants will file answers to the AC as required, *see* Fed. R. Civ. P. 12(a)(4), and the Court will then issue a scheduling order setting discovery and other dispositive deadlines consistent with its practice guidelines, *see* Case Management & Scheduling Orders Practice Guideline for Judge Jonathan J.C. Grey.  The State would then have ample time and opportunity to engage in discovery.  *See Stribling v. Washington*, No. 20-CV-12990, 2022 WL 20306417, at \*2 (E.D. Mich. June 23, 2022) (finding no obvious prejudice in staying discovery where there was no scheduling order setting

15

discovery deadlines and plaintiff would have "several months" for discovery after a decision on the motion).  Accordingly, a stay will not result in the State receiving any less discovery than it would otherwise obtain should its claims survive the pleading stage.  The lack of prejudice also weighs in favor of a stay.

## E.    A Stay Is the Most Efficient Resolution.

A stay will spare Defendants from substantial costs necessary to engage in discovery on legally deficient and time-barred claims, and this Court from expending judicial resources adjudicating disputes regarding that discovery.  *See Cromer v. Braman*, No. 07-CV-9, 2007 WL 3346675, at *1 (W.D. Mich. Nov. 7, 2007) ("[A] stay of discovery is appropriate and an eminently logical means to prevent wasting the time and effort of all concerned until the court addresses the preliminary issue of exhaustion." (internal quotation marks omitted)).  As such, efficiency considerations also weigh in favor of a stay.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court stay discovery pending resolution of their Motion to Dismiss.

Dated:  March 23, 2026                    Respectfully submitted,

/s/ *Timothy G. Cameron*
Timothy G. Cameron
Andrew C. Finch

16

Michael J. Zaken
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
tcameron@cravath.com
afinch@cravath.com
mzaken@cravath.com

Scott T. Seabolt (P55890)
**HICKEY HAUCK BISHOFF
JEFFERS & SEABOLT, PLLC**
706 South Main Street
Plymouth, MI 48170
(734) 544-5525
sseabolt@hhbjs.com

*Counsel for Defendant Prime
Therapeutics LLC*


/s/ *Meghan McCaffrey* (with permission)
Mike Bonanno
Meghan McCaffrey
Alec Levy
Michael Sebring
QUINN EMANUEL URQUHART &
SULLIVAN LLP
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel:  (202) 538-8000
mikebonanno@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com
aleclevy@quinnemanuel.com
michaelsebring@quinnemanuel.com

Howard B. Iwrey (P39635)

17

**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue, Suite 300
Bloomfield Hills, MI 48304
(248) 203-0700
hiwrey@dykema.com

Cody D. Rockey (P78653)
**DYKEMA GOSSETT PLLC**
2723 South State Street, Suite 400
Ann Arbor, MI 48104
(734) 214-7655
crockey@dykema.com

*Counsel for Defendants Express Scripts,
Inc. and Evernorth Health, Inc.*

18