# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

|  |  |
|---|---|
| THE STATE OF MICHIGAN, | Case No. 2:25-cv-11215-JJCG-KGA |
| *Plaintiff,* | |
| *v.* | Hon. Jonathan J.C. Grey |
| EXPRESS SCRIPTS, INC.; EVERNORTH HEALTH, INC., formerly known as Express Scripts Holding Company; and PRIME THERAPEUTICS LLC, | Hon. Kimberly G. Altman |
| *Defendants.* | |

**DECLARATION OF NATASHA J. FERNÁNDEZ-SILBER**
**REGARDING THE STATE'S OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

I, Natasha J. Fernández-Silber, hereby declare as follows:

1.      I am a partner at the law firm of Edelson PC. I have been appointed to serve as Special Acting Attorney General for the State of Michigan (the "State") in this action.

2.      I make this declaration regarding the State's Opposition to Defendants' Motion to Stay Discovery, ECF No. 59.

1

3.     I am over the age of eighteen and am fully competent to make this Declaration. This Declaration is based upon my personal knowledge. If called upon to testify as to the matters stated herein, I could and would competently do so.

4.     On May 22, 2025, I received an email from counsel for Express Scripts, Inc., Evernorth Health, Inc., and Prime Therapeutics LLC (together, "Defendants") requesting an extension to July 25, 2025 of Defendants' deadline to respond to the State's complaint.

5.     Thereafter, the parties met and conferred, and the State agreed to the requested extension on the condition that it would not delay discovery and that the parties would hold a Rule 26(f) conference by June 18, 2025.

6.     On June 17, 2025, the State and Defendants (the "Parties") held their Rule 26(f) Conference, during which the State indicated that it planned to serve limited early discovery requests on Defendants pending resolution of the motion to dismiss, including a request for all contracts constituting or amending the Prime-ESI Agreement alleged in the complaint. The State also indicated that it would serve a third-party subpoena on the AIDS Healthcare Foundation ("AHF") seeking documents produced or filed in its arbitration against Prime.

7.     On June 30, 2025, Defendants emailed the State and offered to produce a copy of "the Prime-ESI agreement" if the State agreed to stay all discovery pending the Motion to Dismiss and agreed not to issue a subpoena to AHF. The State declined

2

this offer. Defendants indicated that they would move to stay discovery pending the resolution of their Motion to Dismiss.

8.  On July 1, 2025, the Parties timely filed their Joint Rule 26(f) Report, including a preliminary case schedule setting forth deadlines for the negotiation of all protocols regarding discovery issues. ECF No. 16.

9.  On July 9, 2025, the State served a singular request for production on Defendants via email. *See* Mot. to Stay Discovery, Ex. 1, ECF No. 59-1.

10.  The State also served a document request subpoena on AHF seeking all discovery, motions, orders, and hearing transcripts from the AHF/Prime arbitration. *See* Mot. to Stay Discovery, Ex. 2, ECF No. 59-2.

11.  I have been in contact with counsel for AHF, and AHF is willing to comply with the subpoena, pending this Court's resolution of Defendants' motion for a stay, to the extent it is not in violation of any protective orders.

12.  Consistent with the case schedule, the Parties met and conferred and corresponded over email regarding the parties stipulated Protective Order, which the Court entered on July 23, 2025. Stip. Prot. Order, ECF No. 24.

13.  The Parties have also submitted proposed orders for the production of electronically stored information and the logging of privileged documents. *See* ECF Nos. 42, 45, 46.

14.     The Parties met-and-conferred on March 20, 2026, shortly after the Court denied Defendants' original motions to dismiss and stay discovery without prejudice. Defendants stated their intention to file another motion seeking a full stay of discovery. The Parties confirmed they were at an impasse, and Defendants filed their motion to stay discovery as well as a renewed motion to dismiss shortly thereafter.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Ann Arbor, Michigan, on this 6th day of April 2026.

*/s/ Natasha J. Fernández-Silber*
Natasha J. Fernández-Silber

4