**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE STATE OF MICHIGAN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>EXPRESS SCRIPTS, INC.;<br>EVERNORTH HEALTH, INC.,<br>formerly known as Express Scripts<br>Holding Company; and PRIME<br>THERAPEUTICS LLC,<br><br>　　　　Defendants. | Case No. 2:25-cv-11215<br><br>Hon. Jonathan J.C. Grey<br><br>Hon. Kimberly G. Altman |

**CASE MANAGEMENT ORDER NO. 2**
**ORDER REGARDING LOGGING OF PRIVILEGED DOCUMENTS**

This Order Regarding the logging of purportedly privileged documents electronically stored information (ESI), and other materials ("Order") shall govern the Parties in the above-captioned case (the "Litigation").

1. **General Principles.**

    A.    A party may withhold from production information or documents on the grounds of attorney-client privilege or work product protection, or any other applicable privilege or immunity. To the extent a party seeks to withhold from production information or documents on the basis of any other applicable privilege or immunity, it shall log those items in accordance with this Order.

    B.    The party asserting a privilege for material shall provide privilege logs explicitly identifying the privilege asserted for the material and containing information sufficient to enable the opposing party to assess the applicability of the privilege as provided for in Fed. R. Civ. P

26(b)(5), including but not limited to the nature of the documents, communications, information, or tangible things not produced and disclosed.

2.  **General Procedures and Protocols.**

   A.   Absent further order of the Court, no party shall be required to list on a privilege log privileged or work-product documents prepared for the prosecution or defense of the Litigation or privileged communications within clients or between clients and their counsel related to the Litigation that occurred on or after April 28, 2025. However, this provision does not affect any duty under applicable law to preserve such materials.

   B.   To the extent that a response to discovery requires a party to provide a production set from a separate litigation or government investigation, the privilege logs from those proceedings/litigations will be sufficient to inform the requesting party of the documents that were withheld or redacted. The privilege logs from those proceedings/litigations will be produced in native Excel file format, if available. The producing party does not need to re-log these documents on another privilege log. For the avoidance of doubt, nothing in this paragraph is intended to prevent the requesting party from challenging logs or documents reflected in logs from other proceedings/litigations.

3.  **Log Format and Contents.**

   A.   Privilege logs shall be produced as a native Excel spreadsheet.

   B.   Each subsequent log shall contain the entirety of the prior privilege log and new entries shall begin with the next document entry number following the prior served log. Each subsequent log shall identify in its title the date the subsequent log is produced to the receiving party When an entry is subsequently removed from a log, the entry shall remain on subsequent logs with a notation "Produced Entirely" or "Produced Redacted" in a field named "Document Status."

   C.   For each document withheld or redacted based on a claim of privilege, work product, or other privilege or immunity, the entry for each document shall list the following information available for the document (to the extent such information is not itself protected from

2

disclosure; the withholding party shall be entitled to use existing metadata to populate such fields if available):

i. a unique privilege log "control number" in a "Log Index Number" field;

ii. the beginning Bates number of the slipsheet representing the document, when applicable in a "BegBates" field;

iii. the nature of the privilege asserted (*e.g.*, "attorney-client privilege" or "work product") in a "Priv. Asserted" field;

iv. name(s) of the author(s) of the document in an "Author" field;

v. name(s) of the sender and recipient(s)—and, in the case of emails, each person shown in the "From," "To," "CC," and "BCC" fields, including the email address of each individual in all of these fields, with each field being separately delineated "From," "To," "CC," "BCC";

vi. if available in the metadata, the date and time the document was (1) created, and (2) sent (if applicable), in the following fields: "DateSent," "DateCreated,"

vii. if available in metadata, the date and time the document was (1) created, (2) sent (if applicable), and (3) last modified (if applicable) in the following fields: "DateSent," "DateCreated," "DateModified," "DateReceived," "TimeSent," "TimeModified," "TimeCreated," TimeReceived," and "TimeZone;"

viii. for emails, the "Importance" field, if populated;

ix. with respect to partially privileged documents produced in redacted form, a party must also include the Bates number;

3

x. if available in the metadata, the custodial file in which the document was located in a "CustodianOther" or "CustodianAll" fields;the subject of the document—

(1) for emails, the "RE" line in a "EmailSubject" field;

(2) for non-email documents, the file name or title in a "FileName" field;

xi. the document type by file extension in a "DocExt" field;

xii. the custodian(s) of the document in a "Custodian" field;

xiii. family relationship (*e.g.*, parent, attachment, or standalone);

xiv. indication of whether the document has been redacted or withheld in a "Redacted/Withheld" field;

xv. a description the nature of the documents not produced in a manner that, without revealing information itself privileged or protected, will enable the other Party to assess the claim of privilege, consistent with Fed. R. Civ. P. 26.

D. **Logging of Threads.** Parties shall log all emails in a thread that are under a claim of privilege; provided, however, that a party is not required to log lesser-included (i.e., earlier-in-time) emails in that thread so long as the topmost (i.e., latest-in-time) email is logged, and any un-logged lesser-included email (1) is subject to an independent claim of privilege, (2) involves the same participants as the topmost logged email (meaning that the lesser-contained email does not reflect senders or recipients that are not also reflected on the topmost email in the thread), and (3) concerns the same subject matter as the topmost logged email (such that the description of the topmost logged email is sufficient to demonstrate the privilege applicable to the lesser-included, unlogged email).

i. **Email Chains:** If there is more than one unique branch of an email thread, each branch will be individually logged if independently responsive and claimed to be privileged or otherwise protected from discovery.

4

      i.     For the avoidance of doubt, if any lesser-included email in a thread (or any attachment thereto) is not independently privileged, the topmost email thread must be redacted rather than withheld.

E.     Except as otherwise ordered by the Court, the parties further agree that: the parties will not withhold from production responsive, nonprivileged portions of emails and email strings (if any) and (ii) if an email is withheld as privileged, non-privileged attachments (if any) will be assessed for privilege separately and produced and vice versa.

F.     The privilege log will describe any attachments by providing information called for in Section C.

G.     Each privilege log shall indicate with a carrot ("^") the name and email address of any attorney listed in the log entries. The parties shall make a good faith effort to identify the specific attorney(s) who provided the legal advice. If it is impossible or unreasonably burdensome for a Party to identify the attorney(s), the producing party shall separately identify in some other manner in the description of the document the source of the advice, counsel, or involvement that supports the assertion of privilege, such as the law firm or in-house legal team.

I.     Each privilege log shall be accompanied by a list of all attorneys identified in the log, along with information for each attorney sufficient to determine—

      i.     the employer (law firm or other organization) with whom they are affiliated (for the avoidance of doubt, an email address is sufficient to identify the employer);

      ii.    the manner in which they are identified in the log, *e.g.*, by email address.

**4.**     **Resolution of Disputes.**

A.     Should a party be unable to ascertain whether or not a document contained on the log is privileged or have reason to believe a particular entry on the log does not reflect privileged information, the party may request a meet and confer at any time after the production of the privilege log, and the parties must meet and confer about such deficiencies within 14 days of the request to meet and confer.

B. Following any such meet and confer between the parties, the producing party shall, within 14 days, produce additional information sought by the requesting party, or alert the requesting party that it does not intend to do so.

**5. Disclosed Privileged Information.**

A. The production of privileged or work-product protected documents, ESI or information, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) In light of this Order, the provisions of Rule 502(b) do not apply.

B. If a disclosing party notifies the receiving party that privileged information has been disclosed, the receiving party shall comply with Fed. R. Civ. P. 26(b)(5)(B) and confirm that the receiving party has complied with its requirements.

C. As soon as is reasonably feasible, and in any event no later than 7 days after the producing party's notification to the receiving party that privileged information has been disclosed, the producing party must provide a complete privilege log entry for each such document in accordance with the terms of Section 3, *supra*. However, if the producing party's notification is sent within 48 hours of a scheduled deposition, the privilege log must be sent contemporaneously with the notice.

D. To contest any claim of privilege with respect to disclosed privileged information, the receiving party shall raise the issue with the producing party in writing with sufficient detail so that the producing party may understand the receiving party's complaint. The producing party shall respond in writing within 14 days, and if the response does not satisfy the receiving party, then the parties shall meet and confer. If the dispute as to the privileged or non-privileged nature of the materials cannot be resolved, then the receiving party may seek relief from the Court pursuant to the Court's practices. In the event of a motion compelling production of the contested material:

   i. The producing party shall retain the burden of establishing its privilege or work product claims.

6

ii.   The motion shall be filed or lodged conditionally under seal; any disclosed privileged information attached to or disclosed in the motion shall be deemed submitted solely for the Court's in camera review.

E.   Any motion to compel production by the receiving party shall not rely on any portion of the document(s) at issue other than the information disclosed in the producing party's privilege log.

**SO ORDERED**.

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

Date: April 28, 2026

So stipulated and agreed to by the Parties, April 17, 2026.

*/s/ Natasha J. Fernández-Silber*
Natasha J. Fernández-Silber
(P83334)
**EDELSON PC**
200 South 1st Street
Ann Arbor, MI 48104
Tel: (312) 589-6370
nfernandezsilber@edelson.com

*Special Acting Attorney General*
*for the State of Michigan*

Jonathan S. Comish (P86211)
Assistant Attorney General
**Michigan Department of Attorney General**
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
comishj@michigan.gov

*/s/ (with consent) Timothy G. Cameron*
Timothy G. Cameron
Andrew C. Finch
Michael J. Zaken
**CRAVATH, SWAINE & MOORE LLP**
Two Manhattan West
375 Ninth Avenue
New York, NY 10001
Telephone: (212) 474-1000
tcameron@cravath.com
afinch@cravath.com
mzaken@cravath.com

Scott T. Seabolt (P55890)
**HICKEY HAUCK BISHOFF JEFFERS & SEABOLT, PLLC**
706 South Main Street
Plymouth, MI 48170
(734) 544-5525
sseabolt@hhbjs.com

*Counsel for Defendant Prime Therapeutics LLC*

*/s/ (with consent) Meghan McCaffrey*
Meghan McCaffrey
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
1300 I Street NW, Suite 900
Washington, D.C. 20005
Tel: (202) 538-8000
mikebonanno@quinnemanuel.com
meghanmccaffrey@quinnemanuel.com

Howard B. Iwrey (P39635)
**DYKEMA GOSSETT PLLC**
39577 Woodward Avenue, Suite 300

8

Bloomfield Hills, MI 48304
Tel: (248) 203-0700
hiwrey@dykema.com

Cody D. Rockey (P78653)
**DYKEMA GOSSETT PLLC**
2723 South State Street, Suite 400
Ann Arbor, MI 48104
Tel: (734) 214-7655
crockey@dykema.com

*Counsel for Defendants Express*
*Scripts, Inc. and Evernorth Health,*
*Inc.*

## Certificate of Service

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 28, 2026.

**s/ S. Osorio**
Sandra Osorio
Case Manager
