UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

THE STATE OF MICHIGAN,

*Plaintiff,*

v.

EXPRESS SCRIPTS, INC.;
EVERNORTH HEALTH, INC.,
formerly known as Express Scripts
Holding Company; and PRIME
THERAPEUTICS LLC,

*Defendants.*

Case No. 2:25-cv-11215-JJCG-KGA

Hon. Jonathan J.C. Grey

Hon. Kimberly G. Altman

**SUR-REPLY IN SUPPORT OF THE STATE OF MICHIGAN'S
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

The State seeks injunctive relief from Defendants under two separate statutes: (1) the Clayton Act, which is a federal antitrust law, and (2) Michigan's Antitrust Reform Act ("MARA"). These statutes have different standing requirements: Clayton Act claims brought by state attorneys general are governed by federal common law, which requires states to show a "quasi-sovereign interest" in the litigation—such as (in this case) an interest in the protection of free competition or in the preservation of local pharmacies. *See Alfred L. Snapp & Son, Inc. v. Puerto Rico,* 458 U.S. 592, 601–02 (1982). Claims brough by the Michigan Attorney General under MARA are governed by MCL § 445.777, which authorizes the State

1

to bring claims for "injunctive or other equitable relief and civil penalties" for violations of MARA, without any additional showing.[1] Federal common law has no bearing on claims brought under MCL § 445.777.

In its Motion to Dismiss, Defendants conceded that under MCL § 445.777, the State has standing to seek "injunctive or other equitable relief and civil penalties." Defs' Mot. to Dismiss, ECF No. 58 at 22. Defendants therefore challenged only the State's authority to seek injunctive relief under the Clayton Act (on the basis that it lacked a quasi-sovereign interest in the litigation).[2] But in their reply to the State's opposition brief, Defendants suggest for the first time that the State lacks any form of standing to seek injunctive relief because it "failed to allege either a quasi-sovereign interest or a causal connection between the alleged conduct and the alleged harm." ECF No. 74 at 7.

---

[1] MCL § 445.777 provides that "[t]he attorney general or a prosecuting attorney, with the permission of, or at the request of, the attorney general, may bring an action for appropriate injunctive or other equitable relief and civil penalties in the name of the state for a violation of this act."

[2] Defendants' Motion to Dismiss also challenged the State's *parens patriae* authority to seek monetary damages suffered by pharmacies under MARA on the basis that pharmacies are not natural persons. *See* ECF No. 58 at 11. This argument is wrong for the reasons set forth in the State's opposition. ECF No. 66 at 31. However, even if this argument were credited, it would not be a basis to dismiss the State's action in whole, as the State would still retain standing to seek injunctive and equitable relief under state and federal law.

Defendants' new argument, made for the first time on reply, is incorrect: A quasi-sovereign interest is required *only* to bring a state enforcement action under the Clayton Act; it is not required to bring a public enforcement claim under MARA. As noted above, under federal common law, which governs the State's Clayton Act claim, a state attorney general may bring a claim for injunctive relief only if they can show a quasi-sovereign interest in the litigation. *Snapp,* 458 U.S. at 601–02. No such showing is required when the Attorney General of Michigan brings a claim for injunctive or equitable relief under MARA. As Defendants conceded in their opening brief, MCL § 445.777 expressly authorizes the State to pursue a claim for injunctive relief and civil penalties for violations of the State's antitrust laws. ECF No. 58 at 22. And neither MARA nor Michigan common law require the State to show a quasi-sovereign interest or to act as *parens patriae* to bring a claim for injunctive relief or civil penalties.[3]

Accordingly, to the extent Defendants are arguing that all the State's injunctive relief claims fail on the basis of standing, they are mistaken. Even if the Court accepts Defendants' surprising argument that no quasi-sovereign interest exists, that argument would only impact the State's standing for its federal law

---

[3] *Parens patriae* standing need only be established for the State to bring a claim for monetary damages.

Clayton Act claim. The State would *still* have standing to seek injunctive relief here under MCL § 445.777.

Dated: May 18, 2026

Respectfully submitted,

*/s/ Natasha J. Fernández-Silber*
Natasha J. Fernández-Silber (P83334)
**EDELSON PC**
200 South 1st Street
Ann Arbor, MI 48104
Tel: (312) 589-6370
nfernandezsilber@edelson.com

*Special Acting Attorney General*
*for the State of Michigan*

*/s/ Jonathan S. Comish*
Jonathan S. Comish (P86211)
**MICHIGAN DEPARTMENT OF**
**ATTORNEY GENERAL**
Corporate Oversight Division
P.O. Box 30736
Lansing, MI 48909
Tel: (517) 335-7632
comishj@michigan.gov

*Assistant Attorney General for the State of*
*Michigan*

4

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 18th day of May, 2026, served the foregoing via ECF.

*/s/ Natasha J. Fernández-Silber*
Natasha J. Fernández-Silber (P83334)